UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 3:22-CR-28 (SVN) |
| ) | |
| v. ) | |
| ) | |
| KISHON SHIELDS, ) | |
| *Defendant*. ) | |
| ) | May 1, 2024 |

**<u>RULING ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION</u>**

Sarala V. Nagala, United States District Judge.

Defendant Kishon Shields, who was sentenced principally to eighteen months' imprisonment following his guilty plea to one count of conspiracy to distribute and to possess with intent to distribute controlled substances, has moved to reduce his sentence to fifteen months' imprisonment, as he is now eligible for a sentence reduction under Amendment 821, Part A, to the United States Sentencing Guidelines.  The Government opposes the motion.

For the reasons described below, the Court DENIES this motion and declines to reduce Mr. Shields' sentence.

**I.   BACKGROUND**

In March of 2022, Mr. Shields and seven other individuals were indicted for conspiring to distribute and distributing fentanyl, heroin, crack cocaine, and cocaine between September of 2021 and February of 2022.  Indictment, ECF No. 10.  Mr. Shields and his co-conspirators sold these drugs in the McConaughey Terrace housing complex in the West Hills section of New Haven. Gov't Sent. Memo, ECF No. 293 at 2.  During the conspiracy, a confidential human source purchased narcotics—cocaine base, heroin and fentanyl, and a heroin and fentanyl compound— from Mr. Shields on four occasions, resulting in a total converted drug weight of 9.56 kilograms. Presentence Report ("PSR"), ECF No. 285 ¶¶ 10–16.  On one occasion in November of 2021, Mr.

Shields possessed a Glock .45 caliber firearm while packaging narcotics. PSR ¶ 17. While Mr. Shields was participating in the conspiracy, he was on probation for a 2020 conviction for interfering with an officer and possession of a controlled substance. PSR ¶ 38.

Mr. Shields pleaded guilty to count one of the indictment on November 28, 2022. Minute Entry, ECF No. 254. At sentencing on March 6, 2023, the Court calculated his total offense level as twelve and his criminal history category as IV, based on a criminal history score of seven. Statement of Reasons, ECF No. 310. The score of seven included two points that were added because Mr. Shields committed the instant offense while on probation for his 2020 conviction. *Id.*; Sent. Tr., ECF No. 537 at 10. The resulting Guidelines range was 21 to 27 months' imprisonment, 3 years of supervised release, and a fine of $5,550 to $1 million. *Id.* at 11.

At the sentencing, several of Mr. Shields' family members spoke in support of him, emphasizing that he was raised in a nurturing and stable home enriched by the presence of grandparents and extended family members, was involved in sports, and graduated with honors from high school. In light of his extensive family support, the Court sentenced Mr. Shields to eighteen months' imprisonment—slightly below the recommended Guidelines range—to be served consecutively to his state sentence, and four years' supervised release, the first year of which he was ordered to reside with his parents. Judgment, ECF No. 308.

Mr. Shields recently commenced serving the sentence imposed in this case. Def.'s Supp. Mem., ECF No. 540 at 1.

II.     **LEGAL STANDARD**

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect and was made retroactive. Part A of Amendment 821 modified the calculation of "status points" added to a defendant's criminal history score under U.S.S.G. § 4A1.1. In its previous

form, which applied at Mr. Shields' sentencing, section 4A1.1(d) instructed as follows: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 eliminated this subsection and replaced it with the following provision: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d) [of section 4A1.1], and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e).  The U.S. Sentencing Commission adopted this amendment because its empirical research suggested "that status points' ability to predict future recidivism—a core justification for their use—may be less than the original Commission may have expected." *Amendment to the Sentencing Guidelines*, U.S. Sentencing Commission (Aug. 31, 2023), at 3, *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf (last visited May 1, 2024).  The Sentencing Commission made Amendment 821 explicitly retroactive. *See United States v. Laporta*, No. 21-cr-445 (MKB), 2024 WL 1348691, at *1 (E.D.N.Y. Mar. 29, 2024).

Title 18, United States Code, Section 3582(c)(2) provides that when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  "Reductions are therefore authorized only if they are consistent with the Sentencing Commission's policy statements—'namely U.S.S.G. § 1B1.10.'" *Laporta*, 2024 WL 1348691, at *1 (cleaned up) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).  Thus,

the Court must engage in a "two-step inquiry," first determining whether a reduction is consistent with § 1B1.10 and, if it is, proceeding to determine whether the authorized reduction is warranted under section 3553(a). *Id.* Section 1B1.10(b)(2), in turn, provides that the Court "shall not reduce" a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range," unless the Government had previously moved for a departure under the Guidelines based on the defendant's provision of substantial assistance to the authorities in the investigation or prosecution of another person. U.S.S.G. § 1B1.10(b)(2)(A) & (B).

### III. DISCUSSION

The Court concludes that, while Mr. Shields is eligible for a sentence reduction, such a reduction is not warranted under the Section 3553(a) factors.

First, the Court concludes that Amendment 821 applies to Mr. Shields retroactively to lower his Guidelines range. The Court correctly gave him two "status points" at sentencing because he was on probation at the time of the instant offense, for a total of seven criminal history points under the then-applicable Guidelines. He was thus placed in Criminal History Category IV. If he were sentenced today, however, he would be given no status points under Amendment 821 and would have only have five criminal history points, placing him in Criminal History Category III. The resulting Guidelines range of imprisonment would be 15 to 21 months, rather than 21 to 27 months, as originally calculated.

Next, the Court determines that it could legally reduce Mr. Shields' sentence to the bottom of the amended Guidelines range of 15 months' imprisonment, consistent with the policy statement in U.S.S.G. § 1B1.10(b)(2)(A).

The Court therefore must consider the Section 3553(a) factors to determine whether the requested sentence reduction from eighteen months of incarceration to fifteen months is warranted.

4

In his counseled motion, Mr. Shields has argued that the same reasons the Court originally gave him a sentence slightly below the Guidelines range—his stable home environment, educational and vocational success, family support, and relatively minor criminal history—warrant a sentence reduction to the bottom of the amended Guidelines range.  Mr. Shields' supplemental filing also argues that his defense counsel may have mistakenly suggested that the Court could not run its sentence of incarceration concurrent to the state sentence Mr. Shields was serving.  The Government opposes Mr. Shields' motion, emphasizing the dangerousness of the drugs Mr. Shields distributed and his criminal history.

The Court stands by its eighteen-month sentence, which falls squarely in the middle of the amended Guidelines range, and does not find reason to reduce it.  At sentencing, the Court emphasized the danger of distributing narcotics in general and fentanyl specifically, which is highly lethal.  It also focused on the fact that Mr. Shields had possessed a firearm in connection with the conspiracy, and had accumulated three drug offenses, including the current federal one, and a state firearms offense in a period of about two-and-a-half years.  Less than two months before he was indicted in this federal case, Mr. Shields was sentenced in Connecticut Superior Court principally to five years' jail, three years to serve, for carrying a pistol without a permit, and to one year in jail, execution suspended, for possession with intent to sell a hallucinogen.  PSR ¶ 36. While the Court recognized Mr. Shields' stable family upbringing and academic promise, it noted a disturbing recent trend toward criminal behavior, which Mr. Shields attributed to wanting to become more independent around his early twenties.  *See* Sent. Tr. at 56–57.  Considering all of those factors and the parsimony clause of section 3553(a), the Court determined that a sentence of eighteen months' imprisonment would be appropriate, to be served consecutively to the state

sentence Mr. Shields was currently serving. The Court believes such a sentence remains appropriate.

Although the Court originally chose a below-Guidelines sentence, it does not reflexively follow that a sentence reduction to the bottom of the amended Guidelines range should result from application of Amendment 821. The Court chose a sentence of eighteen months' imprisonment— and believes such a sentence remains appropriate—to promote respect for the law and adequately deter Mr. Shields from distributing dangerous drugs and possessing firearms in the future. Mr. Shields had multiple state arrests in a relatively short period of time and committed the instant offense while on probation for one of those offenses. Although Amendment 821 "reflects the Commission's updated view on appropriate sentences for defendants who commit offenses while serving criminal sentences," that a person committed the offense while under a state sentence "is still relevant to the Court's consideration of an adequate sentence that 'promotes respect for the law' and 'affords adequate deterrence to criminal conduct.'" *Laporta*, 2024 WL 1398691, at *4 (quoting 18 U.S.C. § 3553(a)(2)(A) & (B)). Here, the Court remains troubled by Mr. Shields' pattern of criminal history beginning in 2019, including that he committed the offense while on probation, and his possession of firearms. The Court was aware of the option to run its sentence concurrent to Mr. Shields' state sentence, but chose a consecutive sentence to reflect that the conduct underlying the federal offense was distinct from that underlying the state offenses, which had occurred in 2019 and 2020. The Court has also re-reviewed the sentencing transcript and acknowledges, as it did at sentencing, the notable family support Mr. Shields has and continues to have. While this will certainly be helpful when Mr. Shields transitions out of custody, the Section 3553(a) factors continue to support the original 18-month sentence.

The Court concludes that, in this particular case, a sentence reduction is not warranted. A lower sentence would not promote respect for the law and or deter Mr. Shields from committing crime in the future as effectively as the sentence the Court imposed. Moreover, while the Court recognizes that Mr. Shields' opportunities for post-sentencing rehabilitation may have been limited while in state custody (as Attorney Rogan noted at sentencing), Mr. Shields has not advanced *any* evidence of post-sentencing rehabilitation, whether provided officially through the prison or through his own efforts to reflect on his circumstances or better himself, in the nearly fourteen months that have passed since his sentencing date. *See* U.S.S.G. § 1B1.10, Application Note 1(B)(iii) (allowing consideration of post-sentencing conduct).

In short, while the Court recognizes that the amended Guidelines range is lower than it was at sentencing, it finds that a sentence of eighteen months' imprisonment remains appropriate to serve the objectives of sentencing under Section 3553(a).

### IV.    CONCLUSION

For the reasons described in this ruling, Defendant's motion for a sentence reduction, ECF No. 522, is DENIED.

**SO ORDERED** at Hartford, Connecticut, this 1st day of May, 2024.

                                              */s/ Sarala V. Nagala*
                                              SARALA V. NAGALA
                                              UNITED STATES DISTRICT JUDGE